CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 10 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY JANE PENNINGTON, ) | CASE NO. 7:10CV00276 |
| Substitute Party for Howard S. Pennington, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | By: B. Waugh Crigler |
| Defendant. ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's September 28, 2005 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on September 21, 2007, an Administrative Law Judge ("Law Judge") found that the claimant, Howard S. Pennington[1], had not engaged in substantial gainful activity since September 15, 2005, his alleged disability onset date, and that he remained insured through

---

[1] The claimant, plaintiff's husband, died on December 20, 2006 from a heart attack. (R. 14, 77.)

December 31, 2010. (R. 16.) The Law Judge determined that the claimant suffered the following severe impairments: diabetes mellitus, osteoarthritis, status post hand injuries, knee problems, status post ankle fracture, chronic obstructive pulmonary disease (COPD), obesity, and sleep apnea. (*Id.*) She concluded that the claimant did not suffer an impairment or combination of impairments that met or equaled a listed impairment. (R. 17.) The Law Judge found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work. (R. 20.) Specifically, the Law Judge believed that the claimant could lift or carry ten pounds frequently and twenty pounds occasionally; could sit, stand, or walk about six hours in an eight-hour workday; had no limits on pushing/pulling with the lower extremities; and could perform limited pushing/pulling with the upper extremities. (*Id.*) She also believed that the claimant could perform occasional handling and fingering with no other manipulative limitations, and that he could perform occasional kneeling, climbing, crawling, stooping and crouching, but no balancing. (*Id.*) The claimant could not perform work that involved exposure to temperature extremes, excessive humidity, respiratory irritants, or hazards such as machinery, ladders or heights. (*Id.*) Moreover, the Law Judge found that the claimant could perform simple and complex tasks for an eight-hour workday five days a week in a normal work environment, and that he could interact adequately with supervisors, co-workers, and the public. (*Id.*) The Law Judge determined that the claimant's medically determinable impairments reasonably could be expected to produce the alleged symptoms, but that the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 22.) The Law Judge believed that the claimant's RFC precluded him from performing his past relevant work, but that other jobs existed in significant numbers in the national economy that he

could perform. (R. 22-23.) Thus, the Law Judge ultimately determined that the claimant was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's September 21, 2007 decision to the Appeals Council. (R. 5-7.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 5.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's RFC finding is not supported by substantial evidence.[2] (Pl's Brief, pp. 9-12.) Plaintiff further argues that the Law Judge's analysis of the claimant's RFC was legally deficient. (Pl's Brief, pp. 12-15.) The undersigned disagrees.

The record reveals that the claimant's back, left wrist, both hands, left knee, and left ankle had limitations. Even so, as set forth below, the limitations caused by these impairments did not prevent the claimant from performing a limited range of light work.

---

[2] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by his impairments. 20 C.F.R. § 404.1545(a).

The claimant injured his back in a motor vehicle accident in 1991 (R. 357), and he complained that he was suffering with recurrent low back pain (R. 243). Examinations showed a significant loss of forward bending of the low back. (R. 245.) The range of motion in the claimant's lumbar spine was decreased and an X-ray showed bilateral spondylolysis at L5-S1. (R. 259.) The claimant's straight leg raising test was negative bilaterally. (*Id.*) The Law Judge took the claimant's back limitations into account by determining that he could lift or carry only ten pounds frequently and twenty pounds occasionally and that he suffered postural limitations. (R. 20.)

The claimant broke his left wrist when he was seventeen years old (R. 356), and he injured a nerve in his left hand in 2002 (R. 360). Examinations by a consultative examiner revealed that the claimant had a loss of flexion of the left index and left middle fingers. (R. 170.) He had a moderate loss of grip strength involving the left hand and a minimal loss of grip strength involving the right hand, his dominant hand. (R. 170, 355.) The claimant had difficulty moving the fingers of his left hand. (R. 243.) He had minimal deformity of the left wrist and some stiffness in the fingers of the left hand. (R. 243-244.) The claimant's left hand grip strength was a 3/5, and his right hand grip strength was 5/5. (R. 244.) The claimant retained good motor power over both upper extremities, and his fine and gross manipulation remained intact. (R. 170.) He could grasp a doorknob and open the door with each hand without difficulty. (R. 169.) Moreover, the claimant could pick up a paperclip, coin, and pen from the table with each hand without difficulty and was able to write his name. (*Id.*) The Law Judge took the claimant's left wrist and left hand impairments into account. Specifically, he limited the claimant to performing only occasional handling and fingering. (R. 20.)

The claimant broke his left leg and ankle in 1975. (R. 357.) The record reveals that he had a frozen left ankle joint and a minimal left leg limp. (R. 245.) The claimant's ability to squat was fair. (R. 244.) He was unable to toe walk, heel walk, or tandem walk on the left side. (*Id.*) The left ankle joint was moderately enlarged, but free of any effusion. (*Id.*) Both of the claimant's knee joints had a full range of motion and were free of deformity. (*Id.*) The claimant did not have neurological deficits involving the lower extremities, and he did not require an assistance device. (R. 116, 170, 245.) In all, the undersigned believes that the Law Judge took the claimant's left leg and ankle impairments into account when he found that the claimant could perform only occasional kneeling, climbing, crawling, stooping and crouching and no balancing. (R. 20.)

The Law Judge's finding that the claimant retained the capacity to perform a limited range of light work is also supported by the opinions offered by the State agency record reviewing physicians. Amy Wirts, M.D. noted that the claimant had been diagnosed with the following: minimal osteoarthritis of the left knee, right knee strain, obesity, and a history of bilateral hand injuries. (R. 174.) Dr. Wirts opined that the claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk about six hours in an eight-hour workday; and sit (with normal breaks) for a total of about six hours in an eight-hour workday. (R. 175.) The physician believed the claimant's ability to push and/or pull (including operation of hand and/or foot controls) was limited. (*Id.*) The claimant could occasionally perform the following: climbing ramps and stairs, kneeling, crouching, and crawling. (R. 176.) The claimant could never balance or climb ladders, ropes or scaffolds. (*Id.*) The claimant's ability to reach in all directions (including overhead) and feeling were unlimited, but his gross

and fine manipulation were limited. (R. 177.) He had no visual or communicative limitations. (R. 177-178.) The physician further determined that the claimant should avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation. (R. 178.) He further found that the claimant should avoid even moderate exposure to vibration. (*Id.*) Dr. Wirts' opinion that the claimant could perform a limited range of light work was echoed by Rosalind Go, M.D. (R. 262-269.) It is supported by the substantial evidence in the record as a whole.

Plaintiff's claim that the Law Judge's analysis of the claimant's RFC was legally deficient also lacks merit. In her brief, plaintiff asserts that the Law Judge must "explicitly indicate the weight given to *all* relevant evidence." ((Pl's Brief, p. 9) (emphasis added).) This is not an accurate statement of the applicable law, for it is not necessary to detail every single piece of evidence in the record which the Law Judge has considered. *See Johnston v. Astrue,* No. 4:07-CV-00070-FL, 2008 WL 2397541, at *3 (E.D.N.C. June 12, 2008) (stating that a Law Judge is "not required to comment on every piece of evidence in the record, and his failure to cite a piece of evidence is not an indication that the evidence was not considered.") Moreover, a thorough review of the Law Judge's decision reveals to the undersigned not only that she addressed all relevant evidence, but also that the weight she assigned to it is substantially supported .

For all these reasons, the undersigned finds that the Law Judge's RFC finding was obtained in a manner consistent with applicable law and is supported by substantial evidence. Thus, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

June 10, 2011
Date